**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

BION CURTIS JACKSON, SR., #298782        :

    Petitioner                                                      :

v                                                                      :          Civil Action No. WDQ-05-1958

JON P. GALLEY, *et al.*                                  :

    Respondents                                              :
o0o

**MEMORANDUM**

Pending in the above-captioned case is Petitioner's Motion for Production of Transcripts.[1]  Paper No. 16.  Petitioner asserts that the response to his petition for writ of habeas corpus is inadequate because it does not address the merits of the claims raised therein.  *Id*.  The response, filed December 21, 2005, seeks dismissal of the case because Petitioner has not yet exhausted applicable state remedies.  Paper No. 15.  For the reasons that follow, Petitioner's motion shall be denied and the petition for writ of habeas corpus shall be dismissed without prejudice.

**Background**

On November 6, 2000, after a jury trial in the Circuit Court for Baltimore City, Petitioner was convicted of first degree burglary, robbery, second degree assault, misdemeanor theft, and felony theft.  Paper No. 15 at Ex. 1, p. 3.  Petitioner was sentenced on December 29, 2000, to serve two consecutive 15-year sentences for first degree burglary; two concurrent 15-year sentences for robbery; and a consecutive 10-year sentence for felony theft.  *Id* at Ex. 1, p. 4 and Ex 2, p. 2.  On January 19, 2001, Petitioner noted an appeal to the Court of Special Appeals of

---

[1] The self-styled motion is entitled, "Motion and or Request that Further Portions of Transcripts be Furnished."  Paper No. 16.

Maryland, claiming that the trial court erred in admitting a statement he made to the police and in imposing consecutive sentences for robbery and theft. *Id*. at Ex. 1, p. 4 and Ex. 2, p. 2. On November 5, 2001, the Court of Special Appeals issued a published opinion vacating Petitioner's sentence for felony theft, but otherwise affirming his convictions. *Id*. at Ex. 2. On March 8, 2002, the Maryland Court of Appeals denied Petitioner's request for further review. *Id*. at Ex. 3.

On October 10, 2002, Petitioner filed a petition for post-conviction relief in the Circuit Court for Baltimore City, asserting claims of ineffective assistance of counsel, actual innocence, and trial court error. *Id*. at Ex. 1, p. 4. A hearing on the merits of the post-conviction petition was held on October 15, 2003. *Id*. at p. 5. On July 29, 2004, the circuit court issued an order granting Petitioner relief by permitting him to file a belated application for review of sentence, but denying the petition on all other claims. *Id*. and Ex. 4, p. 2.

On August 31, 2004, Petitioner filed an application for leave to appeal the post-conviction court's decision with the Court of Special Appeals. *Id*. at Ex. 1, p. 5. In an order dated September 13, 2004, Petitioner's application for leave to appeal was dismissed by the Court of Special Appeals because it was untimely filed. *Id*. at Ex. 4. The mandate for that decision was issued on October 14, 2004. *Id*. On December 5, 2005, the Court of Special Appeals recalled the mandate, rescinded the order dismissing Petitioner's application for leave to appeal, and remanded the case to the Circuit Court for Baltimore City with instructions to hold "an evidentiary hearing as soon as practicable to determine whether [Petitioner] is entitled to file a belated application for leave to appeal." *Id*. The matter remains pending in the circuit court.

## Exhaustion of State Remedies

The state courts are to be afforded the first opportunity to review federal constitutional

challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. Where a federal habeas petition presents both exhausted and unexhausted claims and the unexhausted claim or claims would not be entertained by the state court if presented there, "the claim [is] . . . exhausted and denied on adequate and independent state-law ground." *George v. Angelone*, 100 F. 3d 353, 364–65, n. 14 (4th Cir. 1996).

In the instant case it is unknown whether the circuit court will permit Petitioner to file a belated leave to appeal the post-conviction court's decision and, if permitted, whether the Court of Special Appeals will find the issues raised to be meritorious. Whether Petitioner will be required to file a petition for writ of certiorari in the Court of Appeals for purposes of exhaustion will not be known until the circuit court holds a hearing, issues a decision and, if applicable, a decision is issued on the merits of Petitioner's appeal by the Court of Special Appeals. The decision yet to be rendered by the circuit court will be essential to any determination by this Court as to whether Petitioner has procedurally defaulted any of the claims raised in his federal habeas petition. Petitioner's claims are therefore not exhausted and this Court may not consider the merits of those claims. Because the grounds raised in the petition are not exhausted, this Court must dismiss the petition without prejudice. *see Rose v. Lundy*, 455 U.S. 509, 516 (1982). A separate Order follows.

February 23, 2006                    _____/s/_____
Date                                 William D. Quarles, Jr.
                                     United States District Judge